**SEALED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 6:24-cr-287-CEM-RMN

RICHARD KOWALCZYK, and
ERIC PATRICK

18 U.S.C. § 371
(Conspiracy)
18 U.S.C. § 2422(b)
(Coercion and Enticement of a Minor to Engage in Sexual Activity)
18 U.S.C. § 2252(a)(2)
(Receipt and Distribution of Child Pornography)
18 U.S.C. § 2252(a)(4)(B)
(Possession Child Pornography)

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Conspiracy)

At all times material to this Indictment:

#### A. Introduction

1.   Richard KOWALCZYK, at all relevant times, was a resident of the Middle District of Florida.

2.   Eric PATRICK, at all relevant times, was a resident of the Middle District of Florida.

#### B. The Conspiracy

From on or about November 26, 2019, through on or about March 5, 2021, in

the Middle District of Florida and elsewhere, the defendants,

RICHARD KOWALCZYK, and<br>ERIC PATRICK

did knowingly and willfully combine, conspire, confederate, and agree with others, both known and unknown to the Grand Jury, to persuade, induce, entice, and coerce, and attempt to persuade, induce, entice, and coerce, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically: attempted lewd or lascivious battery, in violation of Florida statute 800.04(4)(a)(2), and production of child pornography, in violation of 18 U.S.C. § 2251(a), all in violation of 18 U.S.C. § 2422(b).

### C. Manner and Means

3. The manner and means by which KOWALCZYK and PATRICK sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

   a. Between on or about November 2019 and March 2021, KOWALCZYK and PATRICK communicated through SMS messaging, discussing their desire to have sexual relations with teenage boys.

   b. Between on or about November 2019 and March 2021, KOWALCZYK and PATRICK shared sexual images with each other through SMS messaging of individuals they met on Grindr. In

2

connection with some of these images, references were made to indicate these individuals were under 18 years of age.

c. Between on or about November 2019 and March 2021, KOWALCZYK and PATRICK, through SMS messaging, discussed their desire to find new teenage boys with whom to have sexual relations.

d. On or about December 2019, KOWALCZYK and PATRICK discussed that they could find "young boys on Grindr" "by resorts."

e. On or about June 30, 2020, KOWALCZYK and PATRICK agree to travel to Key West.

f. On or about July 2, 2020, PATRICK expressed his desire to have sexual relations with KOWALCZYK and a minor. KOWALCZYK agreed.

### D. Overt Acts

4. In furtherance of the conspiracy, and to affect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida, and elsewhere:

a. On or about June 30, 2020, KOWALCZYK and PATRICK agree to travel to Key West and KOWALCZYK booked the trip.

b. On or about July 1, 2020, KOWALCZYK packed a suitcase for PATRICK to travel.

c. On or about July 6, 2020, KOWALCZYK shared contact information

for Victim 1 with PATRICK through SMS messaging.

d. In July 2020, Victim 1 was 15 years old.

e. On or about July 6, 2020, KOWALCZYK distributed sexual images of Victim 1 to PATRICK. These images were received by KOWALCZYK through Grindr.

f. On or about July 7, 2020, PATRICK distributed sexual images of Victim 1 to KOWALCZYK.

g. On or about February 8, 2021, PATRICK distributed sexual images of Victim 1 to KOWALCZYK.

h. On or about February 8, 2021, KOWALCZYK and PATRICK expressed their continued desire to meet with Victim 1 for sex and share images with each other of Victim 1's social media accounts.

In violation of 18 U.S.C. § 371.

## COUNT TWO
**(Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity)**

From on or about July 1, 2020, through on or about February 10, 2021, in the Middle District of Florida, and elsewhere, the defendant,

RICHARD KOWALCZYK, and
ERIC PATRICK,

using a facility and means of interstate commerce, did knowingly persuade, induce, entice, and coerce, and attempt to persuade, induce, entice, and coerce, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically: attempted lewd or

4

lascivious battery, in violation of Florida statute 800.04(4)(a)(2), and production of child pornography, in violation of 18 U.S.C. § 2251(a).

In violation of 18 U.S.C. § 2422(b).

## COUNT THREE
### (Distribution of Child Pornography)

On or about February 8, 2021, in the Middle District of Florida, and elsewhere, the defendant,

ERIC PATRICK,

did knowingly distribute a visual depiction using any means and facility of interstate and foreign commerce and that has been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT FOUR
### (Receipt of Child Pornography)

On or about February 8, 2021, in the Middle District of Florida, and elsewhere, the defendant,

RICHARD KOWALCZYK,

did knowingly receive a visual depiction using any means and facility of interstate and foreign commerce and that has been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction

5

involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT FIVE
### (Receipt of Child Pornography)

On or about April 16, 2022, in the Middle District of Florida, and elsewhere, the defendant,

RICHARD KOWALCZYK,

did knowingly receive, and attempt to receive, a visual depiction using any means and facility of interstate and foreign commerce and that has been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT SIX
### (Possession Child Pornography)

Beginning on an unknown date, and continuing to on or about February 8, 2023, in the Middle District of Florida, and elsewhere, the defendant,

RICHARD KOWALCZYK,

did knowingly possess matters which contained a visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a

6

minor engaging in sexually explicit conduct and the visual depiction was of such conduct and the depiction involved a prepubescent minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

## FORFEITURE

1. The allegations contained in Counts One through Seven are incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of 18 U.S.C. §§ 2253 and 2428.

2. Upon conviction of a violation of 18 U.S.C. §§ 2252(a)(2) and/or 2252(a)(4)(b), the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. Upon conviction of a violation of 18 U.S.C. § 2422(b), or a conspiracy to violate 18 U.S.C. § 2422(b), the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

    a. any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

    b. any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

4. The property to be forfeited includes, but is not limited to, the following: Apple iPhone XS, iPhone ProMax, and Apple Mac Desktop Computer, which assets were seized on February 8, 2023.

5. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty.

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████████████

Foreperson

ROGER B. HANDBERG
United States Attorney

By: *[signature]*
Ilyssa M. Spergel
Assistant United States Attorney

By: *[signature]*
For: Michael C. Sinacore
Assistant United States Attorney
Chief, Special Prosecutions Section

9

FORM OBD-34
December 24

No. 6:24-cr-287-CEM-RMN

UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

RICHARD KOWALCZYK and ERIC PATRICK

SUPERSEDING INDICTMENT

Violations: 18 U.S.C. § 371
18 U.S.C. § 2422(b)
18 U.S.C. § 2252(a)(2)
18 U.S.C. § 2252(a)(4)(B)

A true bill,

███████████████

Foreperson

Filed in open court this 18th day of December, 2024.

_____
Clerk

Bail $_____

GPO 863 525