UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                           CASE NO. 6:24-cr-287-CEM-RMN

RICHARD KOWALCZYK,
ERIC PATRICK,

      Defendants.

_____/

**JOINT DEFENSE MOTION TO
SEVER COUNTS FIVE (RECEIPT OF CHILD PORNOGRAPHY) AND
SIX (POSSESSION OF CHILD PORNOGRAPHY) FROM
THE OTHER CHARGES IN THE SUPERSEDING INDICTMENT**

The Defendants, Richard Kowalczyk ("Mr. Kowalczyk") and Eric Patrick ("Mr. Patrick"), by and through their undersigned counsels, hereby jointly moves this Honorable Court, pursuant to Fed. R. Crim. P. 8(a) and Fed. R. Crim. P. 14(a), for an Order severing Counts One through Four of the Superseding Indictment (Doc. 9), which allege conduct related to an identified individual referred to as "Victim 1" (hereinafter "Group A Offenses") from the remaining counts, Counts Five and Six, which allege receipt of child pornography as to Mr. Kowalczyk on or about April 16, 2022, and possession of child pornography as to Mr. Kowalczyk on or about February 8, 2023 (hereinafter "Group B Offenses"). As set forth below in greater detail, the joinder of these counts at a trial before the same jury will substantially prejudice both defendants and deprive them of a fair trial. In further

support of this motion, the defendants state as follows:

## STATEMENT OF FACTS

### *Group A Offenses*

On December 18, 2024, a grand jury returned the operative superseding indictment, accusing Mr. Kowalczyk and Mr. Patrick of engaging in certain criminal acts in between November 26, 2019 and March 5, 2021, including conspiracy to entice a minor, in violation of 18 U.S.C. § 371 (Count One), attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b) (Count Two), distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count Three as to Mr. Patrick only), and receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count Four as to Mr. Kowalczyk only).  Doc. 9 at 1-5. These charges relate to one bucket of allegations concerning a specific individual referred to as "Victim 1" in the superseding indictment.  *Id.*  Based on a review of a government pleading (Doc. 19) and the discovery produced to date, the undersigned assert that the Group A Offenses, Counts One through Four, relate to certain electronic communications between Mr. Kowalczyk and Mr. Patrick, two consenting adults who were in an intimate relationship.[1]  According to the government's allegations, in these communications, Mr. Kowalczyk and Mr. Patrick discussed the couple's desire to engage in sexual acts with "Victim 1," whom the couple met on Grindr, a social media website where adults typically meet for

---

[1] The couple were legally married on February 16, 2024 in Key West, Florida.

sexual purposes.  Doc. 19 at 8.  The government asserts that "Victim 1" was a 15 to 16 year old at the time of the offenses, however, by April 10, 2023, this individual was 18 years old.  Id.  These communications between Mr. Kowalczyk and Mr. Patrick, which allegedly occurred between November 2019 and March 2021, forms the basis of Counts One and Two related to conspiracy and attempted enticement of a minor, i.e., "Victim 1," to engage in sexual activity.

The government further asserts that at some point "Victim 1" sent naked images, purportedly of himself, to Mr. Patrick.  On February 8, 2021, the government claims that Mr. Patrick shared these images of "Victim 1" with his boyfriend (now husband), Mr. Kowalcyk.  *See* Doc. 19 at 8; Doc. 9 at 5.  This alleged conduct concerning the sharing and receipt of images of "Victim 1" forms the basis of Counts Three and Four of the Superseding Indictment.

### Group B Offenses

The superseding indictment further accuses Mr. Kowalczyk of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count Five), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Six).  These Group B Offenses, Counts Five and Six, relate to allegations wholly separate and distinct from the Group A Offenses described above.  Specifically, Counts Five and Six concern communications between Mr. Kowalczyk and a Cooperating Defendant ("the CD") who was prosecuted by the government in a federal case pending in the Tampa Division.   According to the government's

3

discovery and other court pleadings that are publicly available, the CD is a three-time convicted sex offender from Clearwater, Florida.  After receiving a NCMEC cyber tipline report that the CD was uploading child pornography on Facebook, federal law enforcement executed a search warrant at the CD's residence in Clearwater on August 18, 2022.  A forensic examination of CD's cellular telephone revealed that the CD had been in possession of numerous images and videos of child pornography.   The CD was subsequently charged with, and pled guilty to, counts of distribution and receiving child pornography.   The CD is cooperating with the government with the expectation that he will receive a substantial assistance downward departure at sentencing.

Per the government's allegations, the investigation into the CD eventually led to the discovery of certain telegram communications between the CD and Mr. Kowalcyk, which took place in between April 16, 2022 and August 15, 2022.  Doc. 19 at 2.  These communications did not involve Mr. Patrick.   The government asserts that in these telegram chats, the CD sent Mr. Kowalcyk videos and images of child pornography on or about April 16, 2022.  *Id.* at 2-3.  Count Five of the Superseding Indictment is based on these communications in April of 2022, between the CD and Mr. Kowalcyk.  Doc. 9 at 6.

After discovering the aforementioned telegram communications between the CD and Mr. Kowalcyk, federal agents stopped Mr. Kowalcyk at the Orlando International Airport on February 8, 2023.  Agents detained Mr. Kowalcyk, who

was returning to Orlando from a trip.  During his detention at the airport, agents recovered and examined Mr. Kowalcyk's iPhone 13.  According to the government, this iPhone 13 contained the images and videos of child pornography that the CD had previously shared with Mr. Kowalcyk.   Count Six of the Superseding Indictment is based on these allegations from February 8, 2023.

The child pornography in the Group B Offenses, which the CD sent Mr. Kowalcyk, allegedly depicted, *inter alia*, prepubescent minors being anally penetrated by adults.

## MEMORANDUM OF LAW

### *Legal Standards on Joinder and Severance*

Federal Rule of Criminal Procedure 8 permits a single indictment to join multiple offenses "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).  Rule 14 then permits a district court to "sever" properly joined offenses if it "appears to prejudice a defendant."  Fed. R. Crim. P. 14(a).  "Prejudice" in this context means "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

In order to be granted severance under Rule 14, a defendant must show "compelling, specific, and actual prejudice from the court's refusal to grant the

motion to sever," *United States v. Ross*, 703 F.3d 856, 885 (6th Cir. 2012).

### *Argument*

The defendants concede that the Group A Offenses, Counts One through Four, were properly joined with each other. As noted above, the Group A Offenses are based on the alleged communications between Mr. Kowalcyk and Mr. Patrick between November 2019 and March 2021, and involved "Victim 1" and images of "Victim 1." Mr. Kowalcyk further concedes that the Group B Offenses, Counts Five and Six, which relate to his alleged communications with the CD, and law enforcement's subsequent stop of him at the airport, were properly joined with each other. However, the defendants assert that the Group A Offenses must be severed from the Group B Offenses at trial.

As noted, Rule 8(a) allows for the joinder of offenses that "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Similar" charges include those that are "somewhat alike," or those "having a general likeness" to each other. *United States v. Werner*, 620 F.2d 922, 926 (2d Cir. 1980) (quoting the dictionary). Moreover, "the similar character of the joined offenses should be ascertainable—either readily apparent or reasonably inferred—from the face of the indictment." *United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007).

At first glance, the allegations in the Group A Offenses and the Group B

Offenses appear to be "of the same or similar character," however, this Court should demand more than a "general thematic commonality" between the Counts, and instead should look at factors such as the offense elements, temporal proximity, evidentiary overlap, physical location of acts, *modus operandi*, and victim identities.  *Id.*; *see also United States v. Rosenthal*, No. 19-cr-00217-RS, 2022 U.S. Dist. LEXIS 64090, at *10-11 (N.D. Cal. Apr. 6, 2022) (finding that counts of receipt and possession of child pornography were not properly joined with a single count of attempted enticement of a minor because the "barebones indictment" did not provide a basis to conclude the offenses were of the same or similar character); *United States v. Mujahid*, No. 309CR00053TMBDMS, 2011 WL 13250608, at *7 (D. Alaska June 17, 2011) ("While the charges have a similar theme of sexual exploitation of a child, under *Jawara*, such a thematic connection alone is not enough to justify joinder under Rule 8(a).").

Here, there is no factual overlap between the dates, times, and locations of the Groups A and B Offenses.  In fact, Mr. Patrick is not even charged in the Group B Offenses, and he had nothing whatsoever to do with the communications Mr. Kowalcyk allegedly had with the CD in between April 16, 2022 and August 15, 2022.  Moreover, the victims of these offenses are not the same.  Group A involves communications between Mr. Kowalcyk and Mr. Patrick, and "Victim 1."  Group B involves communications between Mr. Kowalcyk and another individual, the CD, who was in Clearwater, Florida.  Further, the images of child pornography that the

7

CD sent to Mr. Kowalcyk do not involve "Victim 1."

Even if this Court finds that joinder of the Groups A and B Offenses was proper, the Court should still grant severance due to the substantial prejudice that would result from a joint trial of all the counts. As noted above, Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

Clear and substantial prejudice exists if the jury would be unable "to compartmentalize the evidence" as it relates to each individual count. *Id.*; *see also United States v. Avila*, 610 F.Supp.2d 391, 397 (M.D. Pa. 2009) (Conner, J.). If the jury hears that Mr. Kowalcyk communicated with the CD, a repeated sex offender, who shared child pornography with him (the allegations in the Group B Offenses), the jury will be encouraged to consider the defendants' alleged actions in connection with "Victim 1" (the Group A Offenses) on impermissible propensity grounds. *See* Fed. R. Evid. 404(b) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). "In addition to the Rule 404(b) test, evidence of other crimes must also be evaluated against the unfair prejudice standard of Rule 403." *United States v. Scarfo*, 850 F.2d 1015, 1019 (3d

8

Cir. 1988). In other words, the jury will not scrutinize the allegations or evidence in the Group A Offenses, and will summarily find Mr. Kowalcyk, and Mr. Patrick by association, guilty of Counts One through Four, based solely on the child pornography images alleged in the Group B Offenses.

Even if proposed prior bad acts testimony satisfies the separate Rule 414 of the Federal Rules of Evidence, a district court must also perform the balancing test set forth in Federal Rule of Evidence 403, which provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *see also Johnson*, 283 F.3d at 155 (finding that the Rule 403 standard is applicable to Rules 413-415). "[T]he Rule 403 balancing inquiry is, at its core, an essentially discretionary one that gives the trial court significant latitude to exclude evidence." *Johnson*, 283 F.3d at 156 (citation omitted).

In a context similar to this case, another district court held that the "[i]ntroduction of . . . evidence of child pornography in the trial for coercion and enticement would produce clear and substantial prejudice that the jury would rely upon the evidence for an improper purpose, that is, to determine guilt based on propensity." *See United States v. Lee*, No. 14-254, 2015 U.S. Dist. LEXIS 181945, *7 (M.D. Pa. June 2, 2015). The *Lee* court further found that "[e]ven with limiting instructions, it would be psychologically impossible for a jury to disregard the

evidence of child pornography in deciding Defendant's guilt of coercion and enticement, or vice versa." *Id.* at *8; *see also United States v. Grimes*, 244 F.3d 375, 377-379, 383-385 (5th Cir. 2001) (Fifth Circuit vacated conviction and remanded for a new trial where "district court abused its discretion in admitting into evidence [under Rule 404(b)] the contents of two sexually-explicit narratives," where defendant was charged with possession of child pornography that was "non-violent in nature" and thus "of a different sexual nature" from the admitted narratives).

The Eleventh Circuit previously considered the issue of prejudicial joinder, noting several circumstances that may constitute such joinder, including where

> [A defendant] may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find. A less tangible, but perhaps equally persuasive, element of prejudice may reside in a latent feeling of hostility engendered by the charging of several crimes as distinct from only one.

*United States v. Pierce*, 733 F.2d 1474, 1477 (11th Cir. 1984) (quoting D*rew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964), which found severance of offenses was appropriate) (emphasis added).

Here, a joint trial of the Group A Offenses and the Group B Offenses will deprive the defendants of a fair trial. As noted, the Group A Offenses relate to communications between two consenting adults who are now married. Some of

these communications allegedly involve "Victim 1," who was, according to the government, a minor but close to becoming an adult. The defendants never met "Victim 1" and plan to argue that they did not knowingly persuade, induce, entice, or coerce a minor victim to engage in sexual activity. The alleged naked images that "Victim 1" shared of himself are not nearly as inflammatory as the child pornography images that the government plans to introduce in order to prove the Group B Offenses against Mr. Kowalcyk. Once the jury sees the communications and child pornography that the CD supposedly shared with Mr. Kowalcyk in the Group B Offenses, the jury will be forever poisoned against both defendants, who are a married couple. As discussed above, the Group B Offenses relate to images and videos that allegedly depict anal penetration of prepubescent children. This evidence will immediately burn an imprint in the mind of the jurors such that they will be unwilling or unable to compartmentalize the specific evidence that relates to each separate count in the Indictment. Moreover, after the jury sees the child pornography evidence in the Group B Offenses, no curative instruction can prevent the jury from summarily convicting the defendants on propensity grounds, i.e., the jury will find them guilty of engaging in the Group A Offenses simply based on their emotional reaction to seeing the alleged prepubescent images in the Group B Offenses. This is especially concerning for Mr. Patrick who is not even charged in the Group B Offenses.

In sum, the defendants jointly contend that there is no way they can receive

a fair trial if all of the counts in the Indictment are tried jointly.  Based on the foregoing, and in the interest of fair and impartial justice, this Court should exercise its discretion and sever the Group A Offenses (Counts One through Four) from the Group B Offenses (Counts Five and Six).

## **CERTIFICATION OF CONFERRING WITH OPPOSING COUNSEL**

The undersigned hereby certify that they have conferred with opposing counsel about the instant motion, which seeks severance, and opposing counsel objects to the relief sought herein.

## **CONCLUSION**

WHEREFORE, the Defendants, Richard Kowalczyk and Eric Patrick, respectfully and jointly request that this Court grant the instant motion and enter an Order severing Counts One through Four from Counts Five and Six of the Superseding Indictment.

Respectfully submitted this 14th day of July, 2025.

 */s/ Fritz Scheller*
Fritz Scheller, Esquire
Florida Bar No.: 0183113
Fritz Scheller, P.L.
200 East Robinson Street, Ste 1150
Orlando, Florida 32801
PH: (407) 792-1285
FAX: (407) 649-1657
Email: fscheller@flusalaw.com
Attorney for Richard Kowalczyk

*/s/ Andrew C. Searle*
Andrew C. Searle, Esquire
Florida Bar No. 0116461
Searle Law P.A.
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com
Attorney for Richard Kowalczyk

 */s/ John Notari*
John Notari, Esquire
Florida Bar No.: 0009260
Sigman, Sigman, Notari & Sigman
116 East Corcord Street
Post Office Box 1786
Orlando, Florida 32801
PH: (407) 843-7333
FAX: (407) 843-7338
Email: John@ssnslaw.com
Email: Pilar@ssnslaw.com
Attorney for Eric Patrick

13

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel in this case on July 14, 2025.

<div style="margin-left: 50%;">

*/s/ Andrew C. Searle*
Andrew C. Searle
Florida Bar No. 0116461
Searle Law P.A.
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com
Attorney for Richard Kowalczyk

</div>

14