UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                      CASE NO.: 6:24-cr-287-CEM-RMN

*Time Sensitive Motion*

RICHARD KOWALCZYK,

    Defendant.
_____/

**DEFENDANT RICHARD KOWALCZYK'S UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE TO PERMIT A CHANGE OF ADDRESS AND A CHANGE OF THIRD PARTY CUSTODIAN**

The Defendant, Richard Kowalczyk ("Mr. Kowalczyk"), by and through his undersigned counsel, hereby moves this Honorable Court to amend the current conditions of release to permit a change of address for the defendant to 1711 Maple Leaf Drive, Windermere, Florida 34786 and a change back to his original third party custodian, Donovan Richardson, who is his nephew. The requested changes are necessary so that Mr. Kowalczyk can provide fulltime care to his infant child, now that his husband and co-defendant, Eric Patrick ("Mr. Patrick"), has been remanded by the Court. In support thereof, Mr. Kowalczyk states as follows:

**STATEMENT OF FACTS**

On December 4, 2024, a federal grand jury returned an indictment against Mr. Kowalczyk charging him with federal offenses in the instant case. Doc. 2. Two

weeks later, on December 18, 2024, the grand jury returned a superseding indictment. Doc. 9.

Mr. Kowalczyk and his husband/co-defendant, Mr. Patrick, voluntarily surrendered on January 2, 2025 for their initial appearance/arraignment. Docs. 20, 34, 35. At this hearing, the Court set conditions of pretrial release for Mr. Kowalczyk and Mr. Patrick. Docs. 23, 25. Specifically, the Court directed that Mr. Patrick reside at 1711 Maple Leaf Drive, Windermere, Florida 34786 (hereinafter "Windermere home") with a third party custodian, while Mr. Kowalczyk was directed to reside at an apartment with his nephew, Donovan Richardson, serving as his third party custodian. *Id.* Since his arraignment, Mr. Kowalczyk has been fully compliant with all conditions of release. The Court has also granted some slight modifications to Mr. Kowalczyk's conditions of release. *See* Docs. 70, 86. One of these changes permitted a switch in third party custodians, such that Donovan Richardson moved into the Windermere home to reside with Mr. Patrick, while Mr. Patrick's third party custodian moved in with Mr. Kowalczyk and became his third party custodian. Doc. 70.

On February 9, 2026, at 2:30 p.m., Mr. Patrick appeared before the Court and entered a guilty plea. Doc. 91. At the conclusion of this hearing, the Court remanded Mr. Patrick into custody. *Id.* As soon as the undersigned learned that Mr. Patrick had been remanded, the undersigned began preparing the instant motion.

Mr. Patrick and Mr. Kowalczyk are parents to an infant daughter. To date, Mr. Patrick was providing fulltime care for the couple's child at the Windermere home, while Mr. Kowalczyk was permitted to visit during the day and assist in the child's care. However, as noted above, Mr. Patrick has been remanded and is no longer available to care for the child at the Windermere home. Thus, Mr. Kowalczyk requests permission to reside at the Windermere home fulltime so that he can care for his daughter, both night and day, now that Mr. Patrick is no longer living at the Windermere home. In order for this modification to be accomplished, Mr. Kowalczyk further requests that his third party custodian be changed back to his nephew Donovan Richardson.

The undersigned has conferred with Assistant United States Attorney Ilyssa Spergel who has confirmed that the government does not oppose this motion. The undersigned has also conferred with Pretrial Services Officer Sonya Williams who has confirmed that Pretrial Services does not oppose the motion.

## **MEMORANDUM OF LAW**

Once the Court orders a defendant to be released on conditions pursuant to 18 U.S.C. § 3142(c), "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." *See* 18 U.S.C. § 3142(c)(3). Further, "[i]f a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense . . . " the court with original jurisdiction over the charged offense has authority to amend the defendant's conditions of pretrial release. 18 U.S.C. § 3145(a)(2).

3

Based on the change in circumstances discussed above, Mr. Kowalczyk requests a modification to his conditions of release that would allow him to change his address so that he can reside fulltime at the Windermere home with his infant daughter, and his nephew Donovan Richardson, who will serve as his third party custodian. Mr. Kowalczyk understands that all other conditions of release previously set will remain in full force and effect.

## **CONCLUSION**

WHEREFORE, the Defendant, Richard Kowalczyk, respectfully requests that this Court grant the instant motion and enter an Order amending the conditions of pretrial release and permitting a change of the defendant's address to 1711 Maple Leaf Drive, Windermere, Florida 34786, and a change of his third party custodian back to Donovan Richardson.

Respectfully submitted this 9th day of February, 2026.

*/s/ Andrew C. Searle*
Andrew C. Searle
Florida Bar No. 0116461
Searle Law P.A.
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com
Attorney for Richard Kowalczyk

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on February 9, 2026, I filed a copy of the foregoing with the Clerk of the Court via the CM/ECF system. I further certify that all parties to this case are equipped to receive service of documents via that system.

>*/s/ Andrew C. Searle*
>Andrew C. Searle
>Florida Bar No. 0116461
>Searle Law P.A.
>200 East Robinson Street, Suite 1150
>Orlando, Florida 32801
>Telephone: 407-952-0642
>Email: andrew@searle-law.com
>Attorney for Richard Kowalczyk