UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:24-cr-287-CEM-RMN

RICHARD KOWALCZYK

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States files this sentencing memorandum to request that this Court sentence the defendant to 168 months followed by lifetime supervision. The guideline range is 135 to 168 months. Doc. 113 (Initial Presentence Investigation Report, "PSR").  In support thereof, the United States submits as follows:

## I.    Background

On December 18, 2024, a federal grand jury returned a superseding indictment charging Richard Kowalczyk (Kowalczyk) with conspiracy to entice a minor, in violation of 18 U.S.C. § 371, attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Doc. 9. Kowalczyk's spouse, Eric Patrick (Patrick) was also charged with this superseding indictment.

In January 2023, law enforcement discovered a Telegram[1] conversation

---

[1] Telegram Messenger, commonly known as Telegram, is a cloud-based, cross-platform, encrypted instant messaging (IM) service. It allows users to exchange messages, share media and files, and hold private and group voice or video calls as well as public livestreams. It is available for Android,

1

between a suspect under investigation (SOI) and Kowalczyk that occurred between April 16, 2022, and August 15, 2022. From this conversation, law enforcement located the contact information assigned to the Telegram account associated with Kowalczyk. The contact information listed a telephone number and provided the username "RickSN." Subsequent investigation of the telephone number revealed that it was registered to Richard Kowalczyk.

The conversation between Kowalczyk and SOI included a graphic discussion of child sexual abuse material (CSAM) as well as discussions of hands-on sexual encounters with minors. It also included Kowalczyk receiving multiple images and videos depicting CSAM. For example, on or about April 16, 2022, Kowalczyk and SOI had the following conversation:

**April 16, 2022**

| | |
|---|---|
| SOI: | Hey |
| RICK SN: | Can't wait to fuck your boy and you breed mine |
| SOI: | Me either |
| RICK SN: | When's the last time you fucked a boy |
| | |
| SOI: | Been a few years |
| SOI: | [Sent a video of child pornography. This video is one minute and   ten seconds (1:10) in length. This video depicts two pubescent males between the ages of fourteen and seventeen. The first pubescent male is laying on his back naked. The second pubescent male appears to be bare chested. The second pubescent male is providing oral sex to the first pubescent male.] |

---

iOS, Windows, macOS, Linux, and web browsers. Telegram also offers end-to-end encryption in voice and video calls, and in optional private chats, which Telegram calls Secret Chats.

RICK SN:          Been a few years for me too. Last was 15
RICK SN:          What's your favorite boy vid
RICK SN:          Any fantasies
RICK SN:          With you guys free to meet up

SOI:              we want to drug up a boy and have our way with him
SOI:              [Sent a video of child pornography. This video is one minute and six seconds (1:06) in length. This video depicts a prepubescent male between the ages of seven and eleven. The prepubescent male is laying on his side with no bottom clothing on. An adult male is penetrating the prepubescent male anally with his penis.]

RICK SN:          Fuck his limp little body

SOI:              [Sent a video of child pornography. This video is one minute and thirty-seven seconds (1:37) in length. This video depicts a prepubescent male between the ages of six and ten. The camera is focused on the anus of the prepubescent male. An adult male is performing oral sex on the prepubescent male's anus. The adult male penetrates the prepubescent male's anus with his penis.]
SOI:              Exactly

RICK SN:          Yummy little boy hole

SOI:              So fuckable

RICK SN:          What's the youngest you've had your cock in and got to fuck

SOI:              15

RICK SN:          I've had a ton of 15

SOI:              [Sent a video of child pornography. This video is one minute and sixteen seconds (1:16) in length. This video

3

depicts a prepubescent male between the ages of four and eight. The camera is focused on the genitals of the prepubescent male. An adult male is masturbating while penetrated in the prepubescent male's anus.]

RICK SN:       How old was your boy when he started fucking?

SOI:       I want a 12 or 13, my boy wants younger
SOI:       17, I was his first

RICK SN:       My boy took a ton before me
RICK SN:       Any of boys sucking

SOI:       What age did he start

RICK SN:       13 or 14

SOI:       [Sent a video of child pornography. This video is one minute and fifty-three seconds (1:53) in length. This video depicts a prepubescent male between the ages of five and nine. The prepubescent male provides oral sex to an adult male.]

SOI:       Nice

RICK SN:       I didn't get him till 15/16

SOI:       [Sent a video of child pornography. This video is two minutes and twenty-five seconds (2:25) in length. This video depicts a prepubescent male between the ages of ten and thirteen and a second pubescent male between the ages of fourteen and seventeen. The prepubescent male provides oral sex to the pubescent male then the pubescent male provides oral sex to the prepubescent male.]

RICK SN:       Been ducking him ever since

4

| SOI: | At least you go him then |
| SOI: | Nice |

| RICK SN: | That last one is the best one |
| RICK SN: | Love it |
| RICK SN: | Pissed I didn't get him younger |
| RICK SN: | He was on vacation with his fam taking a ton of cock |

| SOI: | Fuck that's hot |

| RICK SN: | Anymore of boys playing like the last one |

Additionally, law enforcement learned of Cash App[2] transactions conducted between the SOI and Kowalczyk, which law enforcement was able to use to confirm Kowalczyk's identity.

The investigation into Kowalczyk's child exploitation led law enforcement to seize, and ultimately search, Kowalczyk's cellular phone, an iPhone 13 Pro Max, taken from his person at Orlando airport on February 8, 2023. On that same date, a search warrant was executed at Kowalczyk's residence in the Middle District of Florida, where Kowalczyk and Patrick reside together. Kowalczyk and Patrick are married. Within the residence, law enforcement seized and searched Kowalczyk's iPhone XS and Patrick's MacBook computer. During an interview at the time of this search, Kowalczyk admitted to law enforcement that he received child pornography.

---

[2] Cash App is a digital wallet for American consumers, launched by Block, Inc., in 2013. It allows users to send, receive, or save money, access a debit card, invest in stocks or bitcoin, apply for personal loans, and file taxes. To utilize Cash App, an individual must have a verified account, providing a full name, date of birth, last four digits of a social security number, and in some cases, a government-issued photo ID, and address.

A forensic search of Kowalczyk's iPhone 13 Pro Max revealed approximately 83 images and two videos of child exploitation, including minors under 12 years old.

A forensic search of Kowalczyk's iPhone XS revealed a conversation between Kowalczyk and Patrick, between November 2019 and March 2021, which included images and discussions of child exploitation. Their intent and desire to engage in sexual acts with minors is exhibited in these discussions. They also discuss the age of the minors they seek to engage in sexual acts with, consistently using the term "young," discussing the age of consent, and how to look for "young" sexual partners on the Grindr application. For example, on December 29, 2019, Patrick asked Kowalczyk, through SMS messaging, "do you ever find young boys on Grindr? Wondering if there's some by resorts." Kowalczyk responded, "always." In June 2020, Kowalczyk and Patrick agreed to travel to Key West. Accordingly, Kowalczyk booked the trip, packed their bags, and traveled to Key West from the Middle District of Florida. They discussed their plan to seek out minors and engage in sex acts on this trip.

For example, on July 2, 2020, they have the following conversation:

PATRICK:       Has any boy other than me ever worshipping your smelly feet

KOWALCZYK:   I've had some suck them

PATRICK:       Fuck that's hot. Youngest?

KOWALCZYK:   Probably 18

PATRICK:        Babe I had the hottest fucking dream and I really wanna do it sometime if you'd be into it. You invited me to Fuck a young boy with you. We tag teamed and wrecked this little hole. Both bred him deep. It was so hot

PATRICK:        Would u ever be into that with me

KOWALCZYK:   What do you think! Fuck yes

PATRICK:        Just wasn't sure if you'd want to do that with me haha

PATRICK:        Fuck that's hot. Load a boy up together

PATRICK:        I wanna go young too

KOWALCZYK:   So hot

KOWALCZYK:   Teen boy ass is the best

PATRICK:        Really. I want u to show me

PATRICK:        Think it would be so hot. Using one together

PATRICK:        But really want young

PATRICK:        What's your limit

KOWALCZYK:   Not sure

KOWALCZYK:   You

PATRICK:        If we were doing it together. I'd want pretty young

PATRICK:        Can't drive

PATRICK:        You

KOWALCZYK:   18;)

KOWALCZYK:   Who you talking to up there

KOWALCZYK:   Show me

KOWALCZYK:   What's lined up

The investigation revealed that, while in Key West, Kowalczyk found a minor (Minor Victim 1) on Grindr and shared their contact information with Patrick. This minor was between 15 and 16 years old at the time of these communications.

7

Kowalczyk instructed Patrick on how to entice Minor Victim 1 to engage in sexual activity, which involved sending and requesting sexual images, contacting Minor Victim 1 on various social media applications, and talking "dirty" to him. Indeed, Patrick followed these instructions and took screenshots of his conversations with Minor Victim 1 to share with Kowalczyk. During Minor Victim 1 and Patrick's conversation, Minor Victim 1 informed Patrick that they are a minor. Notably, Patrick shared that information with Kowalczyk. During the course of their actions with Minor Victim 1, both Kowalczyk and Patrick received CSAM from Minor Victim 1 and shared this CSAM with each other on July 6, 2020, July 7, 2020, and February 8, 2021.

On July 6, 2020, through text messages, Kowalczyk shared information for Victim 1, a 15-year-old minor:

| | |
|---|---|
| KOWALCZYK: | Go to that Instagram |
| KOWALCZYK: | Line him up for us |
| KOWALCZYK: | He reminds me of you. 16 |
| KOWALCZYK: | Loves to fuck |
| KOWALCZYK: | Have him send you pix |
| KOWALCZYK: | So hot |
| PATRICK: | He follows me. |
| | |
| KOWALCZYK: | Yes I told him to |
| KOWALCZYK: | He's so hot |
| KOWALCZYK: | We are going to destroy him |
| KOWALCZYK: | The pix he sent are so hot |
| | |
| PATRICK: | Show me |

8

KOWALCZYK:        [Sent an image. This image depicts a screenshot of a Grindr chat. This Grindr chat was with user "Fuck?". Within the screenshot there are three smaller images. The images depict a pubescent male approximately fifteen years old standing wearing no clothing exposing his buttocks to the camera. The second image the pubescent male standing wearing no clothing exposing his penis to the camera. The third image depicts an anus.]

KOWALCZYK:        [Sent an image. This image depicts a screenshot of a Grindr chat. This Grindr chat was with user "Fuck?". Within the screenshot there are three smaller images. The images depict a pubescent male approximately 15 years old. One image depicts an anus. The second image depicts a penis. The third image depicts the face of the  male.]

Additional examples of their conversations with the minor victim included the following:

KOWALCZYK:        [Sent an image. This image depicts a screenshot of a Grindr chat. This Grindr chat was with user "Fuck?".

| | |
|---|---|
| KOWALCZYK: | Probably Friday |
| ★ Fuck: | Youngest is probably my age 16 or 17 and oldest is around 40 |
| ★ Fuck: | okay that works |
| KOWALCZYK: | Wow |
| KOWALCZYK: | That's hot |
| ★ Fuck: | Haha yeah |
| KOWALCZYK: | Do you top too or just bottom? |
| KOWALCZYK: | I'm a top and my bf is vers |
| ★ Fuck: | I can do both if you want |
| KOWALCZYK: | I'd love you see you fuck my bf while I fuck you] |

PATRICK:        How old.

KOWALCZYK:        16

KOWALCZYK:        Get online and see if anyone hit you up
KOWALCZYK:        Hit that kid up on insta too. Talk dirty with him. He's so hot

PATRICK:        He just messaged me

KOWALCZYK:        Ke's going to take some cock tonight too
KOWALCZYK:        He's such a whore
KOWALCZYK:        Reminds me of you when you were 16

…
KOWALCZYK:        You guys exchange any pix yet

PATRICK:        Yeah. He sent his ass and cock

KOWALCZYK:        So hot
KOWALCZYK:        Show him you taking cock
KOWALCZYK:        He lives in North Georgia
KOWALCZYK:        We should get a hotel him
KOWALCZYK:        Fuck all weekend. Whore you both out

PATRICK:        I'd be open to going up there for a weekend.. Getting a room
PATRICK:        Would u really whore us out

KOWALCZYK:        Yes
KOWALCZYK:        Ask him if he would be down for that
KOWALCZYK:        He cum to the room and have a bunch of guys waiting to us you both
…

PATRICK:        [Sent an image. This image depicts a screenshot of a Grindr chat. This Grindr chat was with user " ⭐ Fuck?". *This is the conversation that is depicted:*

                PATRICK:      Rick said he wants to get a room up by you. Have us be ass up and he wants to invite a few tops to fuck us both

| PATRICK: | Would you be down |
| ★ Fuck: | like how many |
| PATRICK: | Idk maybe like 5 dudes? Not sure |
| ★ Fuck: | Sure I mean I would like that |
| ★ Fuck: | will they know my age? |
| PATRICK: | Hot dude. Would definitely love to do that with yiu |

PATRICK:        [Sent an image. This image depicts a screenshot of a Grindr chat. This Grindr chat was with user " ★ Fuck?". *This is the conversation that is depicted:*

| PATRICK: | You |
| PATRICK: | Idk kdo u want them to |
| PATRICK: | Would be hot. Watching them fill our asses with cum |
| ★ Fuck: | I Kinda want them to be okay that I am 16 and stuff cause sometimes I get scared |
| PATRICK: | Ok yeah. I'm sure rick can tell them. Sure most guys will like that haha |
| PATRICK: | Do u like poppers? |
| ★ Fuck: | I've never use one |
| ★ Fuck: | what do they do] |

The conversations between the minor victim and the defendants, and the defendant's commentary to each other regarding receipt of CSAM and discussing the sexual abuse of a minor, demonstrate their predatory behavior.

## II.  **Presentence Investigation Report**

On June 16, 2026, U.S. Probation issued its Initial Presentence Investigation Report ("PSR"). Doc 113. It determined the defendant's applicable guidelines range for the underlying offense as 135 to 168 months, based on an adjusted total offense

level of 33, and a criminal history category I. *Id*. at ¶ 64. Coercion and enticement of a minor to engage in sexual activity, has a mandatory minimum term of imprisonment of 10 years, a maximum of life, and the applicable period of supervised release is five years to life. *Id.* at ¶ 63.

For the reasons that follow, this Court should adopt the PSR's facts and guideline calculation. The defendant's conduct, taken with the sentencing factors set forth in 18 U.S.C. § 3553(a), demands a guidelines sentence. He poses a danger to children in the community and that danger is unlikely to abate over time.

### III.    <u>Argument for a Guideline Sentence</u>

The Supreme Court has declared, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United Sates*, 522 U.S. 38, 41 (2007). Although a sentencing court may not presume that a guideline-range sentence is reasonable, the Sentencing Guidelines remain a significant and pivotal component of the sentencing process. The Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009). Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in § 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to

provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The defendant's conduct, considered in conjunction with the sentencing factors set forth, calls for a guideline sentence.

### A. Nature and Circumstances of the Offense

As he has now admitted under oath, between 2020 and 2021, the defendant engaged in predatory behavior to entice a minor to engage in sexually explicit activity. Kowalczyk engaged in predatory behavior for years. Enticing his current spouse Patrick, from the time he was a teenager, to receiving and discussing the sexual abuse of minors with SOI, to enticing the minor victim in this case.

Although this Court must consider other factors beyond the defendant's offense conduct, this Court should nonetheless give significant weight to his offense conduct in crafting his sentence here. *See, e.g.*, *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016) ("The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court."). Encouraging the production of and then possessing CSAM is not a victimless crime.

### B. History and characteristics of the defendant

The PSR documents the defendant's history and characteristics. He denied being the victim of any physical or sexual abuse and described having a "good

13

childhood."  PSR ¶ 48. In short, there is nothing regarding Kowalczyk's background to explain the instant offense other than pedophilia.

### C. Seriousness of the Crime, Promoting Respect for the Law, and the Need for just Punishment

As the Eleventh Circuit explained in *United States v. Irey*: "the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." 612 F.3d 1160, 1206 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1813 (2011).  Congress has expounded that the "just deserts" concept in sentencing is a means of reflecting the "gravity of the defendant's conduct," as well as the "harm done or threatened by the offense."  S.Rep. No. 98-225, at 75-76, 1984 U.S.C.C.A.N. 3258-59.  Because "[t]he seriousness of the crime varies directly with the harm it causes or threatens…" this Court should impose the guidelines sentence.  *See Irey*, 612 F.3d at 1206.

The Defendant's conduct showed that he has no respect for the law. When Congress passed the Protection of Children against Sexual Exploitation Act of 1977, it sought to address the organized, nationwide child pornography industry that was generating millions of dollars through the exploitation of children. S. REP. 95-438, 5, 1978 U.S.C.C.A.N. 40, 42-43. The Act was aimed at filling a void in federal law by targeting the production of materials depicting child abuse. S. REP. 95-438, 5, 1978 U.S.C.C.A.N. at 56. But the Act, and its later amendments, are more than prophylactic measures. They reflect value judgments and accepted moral norms of our society. As one Senate Judiciary Committee report concluded: "the use of

14

children…as the subjects of pornographic materials is very harmful to both the children and the society as a whole," describing the conduct as "outrageous." S. REP. 95-438, 5, 1978 U.S.C.C.A.N. at 43.

Indeed, child sexual abuse "is grossly intrusive in the lives of children and is harmful to their normal psychological, emotional and sexual development in ways which no just or humane society can tolerate." *See Kennedy v. Louisiana*, 554 U.S. 407, 468 ((Alito J., joined by Roberts, C.J., Scalia, and Thomas, JJ., dissenting) (quoting C. Bagley & K. King, Child Sexual Abuse: The Search for Healing 2 (1990)). The defendant's actions violated federal law, but they also transgressed accepted social norms that undergird our laws. His conduct was unnatural, morally repugnant, and incompatible with a well-ordered society. This Court's sentence must express an appropriate level of social condemnation of his crime.

### D. Adequate deterrence and the need to protect the public

Deterrence is especially important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." *See id*.

This Court should also impose a guidelines sentence to send a strong warning to other individuals currently involved in or considering similar conduct. *See Irey, 612 F.3d at 120*8 ("There is another aspect of the compounding harm that the production and distribution of child pornography inflict. It may incite or encourage others to sexually abuse children.").

## IV. Conclusion

For the reasons outlined, the Court should sentence the defendant to a guideline sentence of 168 months, which is sufficient, but not greater than necessary, to account for his crimes.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney


By:    */s/ Ilyssa M. Spergel*
Ilyssa M. Spergel
Assistant United States Attorney
Florida Bar No. 102856
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: Ilyssa.Spergel@usdoj.gov

**U.S. v. Kowalczyk**                    **Case No. 6:24-cr-287-CEM-RMN**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 24, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

<u>/s/ Ilyssa M. Spergel</u>
Ilyssa M. Spergel
Assistant United States Attorney
Florida Bar No. 102856
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: Ilyssa.Spergel@usdoj.gov