UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:24-cr-287-CEM-RMN |
| | ) | |
| ERIC PATRICK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SENTENCING MEMORANDUM

The Defendant, ERIC PATRICK, respectfully submits this Sentencing Memorandum for this Honorable Court's consideration. Mr. Patrick requests this Court impose a downward departure based on the factors contained in 18 U.S.C.A. § 3553 (e).

## STATEMENT OF FACTS

On February 9, 2026, Defendant, ERIC PATRICK, pled guilty to Count Two of the Superseding Indictment, attempted coercion, and enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422 (b). Doc. 91

The Presentence Report (PSR) calculates Mr. Patrick's total offense level 33, and a criminal history category I. Doc. 125.11

1

Defendant, ERIC PATRICK, understands that this Honorable Court may not base any downward departure on the factors contained in 18 U.S.C. 3553 (a), and may only consult those factors enumerated in USSG § 5K 1.1 and 18 U.S.C. 3553 (e). The undersigned submits that those factors are best viewed through the lens provided by U.S.C. 3553 (a) (1), the nature and circumstances of the offense and the history and characteristics of the offense and the history and characteristics of the defendant. Mr. Patrick requests this Court consider his history and characteristics as a backdrop to his substantial assistance and the very personal nature of that assistance.

*Nature and Circumstances of the Offense,*

As this Court is not doubt aware, Mr. Patrick's Plea Agreement along with the Presentence Report, Doc. 125 5 -9, detail the graphic content of conversations between Mr. Patrick and Mr. Kowalczyk and the victim, which are the genesis of the charges Mr. Patrick faces. Mr. Patrick acknowledges his role and has accepted responsibility for his actions. Doc 125.9. Importantly, Mr. Patrick admitted in his Plea Agreement to his role in the offense, and his desire to assist the Government. Doc. 71. 1-3

*History and Characteristics of Defendant,*

As described in Mr. Patrick's Presentence Report, Eric Patrick has excelled at all of the professional, educational, and civic endeavors he has engaged in. Doc.

2

125.12   Having attained a bachelor's degree in business administration from Rollins College, a master's degree from Stetson, and a master's degree from the University of Florida.   Mr. Patrick's educational and employment history are indeed commendable.  After Mr. Patrick and Mr. Kowalczyk were married, they decided to have a child.  Mr. Patrick is the biological father of their daughter, Aspen, born through surrogacy.   The arrival of their daughter, unfortunately, coincided with both parents' indictment in the present case.  Doc. 125. 12 – 14

The Presentence Report accurately describes Mr. Patrick's relationship with Mr. Kowalczyk.  Mr. Patrick met Mr. Kowalczyk when he was a junior in high school via an online dating site, Grindr.  Doc 125.12  The relationship blossomed and eventually Mr. Patrick relocated to Mr. Kowalczyk's home state of Florida to attend Rollins College.  Mr. Kowalczyk is 12 years older than Mr. Patrick.  Mr. Patrick has been evaluated by Tracey Henley, Psy.D, ABPP, a copy of the Psychosexual Risk Assessment has been provided to the United States Probation Office and is affixed to the Presentence Report for the Court's review. Importantly, the clinician's findings indicate Mr. Patrick's overall risk is below the first percentile and he shows no signs of aggressive, predatory, or antisocial behavior.  Doc. 125.13

*USSG § 5K1.1*

The Presentence Report calculates Mr. Patrick's offense level as 33 with a criminal history category of I. Doc. 125.11. The advisory guideline range is 135 to 168 months. Id. 15.

The Government filed a substantial assistance motion pursuant to USSG 5K1.1 and U.S.C. § 3553 (e). Doc. 122. In its motion, the Government requested a two-level departure from the applicable guideline range. Id. The Government's motion acknowledged the Court's authority to impose a sentence below the minimum mandatory based on its motion for substantial assistance. Id.

Should this Court grant the Government's request for a two-level § 5K1.1 departure, Mr. Patrick's offense level would become a level 31. Based on his Criminal History Category of I, the guideline range would become 108 – 135 months.

The Government has concluded that the Defendant's substantial assistance warrants a two-level departure in accordance with the policy of the Office of the United States Attorney, Middle District of Florida. As this Court is aware, this recommendation is standard for the Government. However, this Court is not bound to accept or limit the reduction, based on the 5K1.1 factors. Rather, the Court should consider the individuals usefulness, truthfulness, nature, and timeliness along with other factors the Court finds pertinent.

*USSG § 5K1.1 (a) (1) and (2)*

Both Mr. Patrick and Mr. Kowalczyk have entered pleas of guilty in this case. Mr. Patrick is unaware of any complaint by the Government that his assistance was anything but true, complete, or reliable. Mr. Patrick submits that if called upon his cooperation and testimony would be useful to the Government.

*USSG § 5K1.1 (a) (3) and (4)*

Admittedly, the nature of this offense does not involve covert sting operations or back-alley hand-to-hand transactions. Thus, Mr. Patrick's substantial assistance would potentially be limited to testimony against his sole co-defendant. It is in this scenario that Mr. Patrick submits the personal sacrifice and perceived betrayal weigh heavily in his request for a further reduction under § 5K1.1 (a) (3) and (4). The Presentence Report details the chronological and personal relationship of Mr. Patrick and Mr. Kowalczyk. Doc 125. 12 – 13. The 15-year relationship of the co-defendants has produced a marriage, a child and sadly, the current charges. The deep personal decision for Mr. Patrick to provide substantial assistance against his husband should not be considered lightly. Mr. Kowalczyk is the financial provider for Mr. Patrick and his daughter. The peril he has placed himself in is far reaching. He faces the guaranteed prospect of being unemployable in his chosen field, a felony conviction and a child to raise. This is not to mention the animosity of his husband and his family.

*USSG § 5k1.1 (a) (5)*

Mr. Patrick's decision to assist the Government came early on in the prosecution of this case. The previous Assistant United States Attorney reached out to the undersigned and requested Mr. Patrick's assistance. Mr. Patrick has made himself available to the Government at all times since that request. The Government's request occurred within weeks of Mr. Patrick's arrest. Mr. Patrick requests this Court take this factor into consideration when conducting its analysis under USSG § 5K1.1 (a) (5).

*USSG § 5K1.1 (a)*

Ultimately, and in consideration with USSG § 5K1.1 (a) (1) – (5), this Court is the arbiter of the appropriate reduction in Mr. Patrick's case. As noted in the comments, "the nature, extent, and significance of assistance can involve a broad spectrum of conduct that must be evaluated by the Court on an individual basis." See USSG § 5K1.1, comment (background).

As this Court evaluates Mr. Patrick's substantial assistance to the Government, Mr. Patrick requests that in addition to the previously enumerated factors, Mr. Patrick's unique circumstances create an individual basis that demands a reduction exceeding that suggested by the Government. As noted herein, Mr. Patrick has bared his soul to the government in full view of his spouse and father of their child. The formidable bonds of a 15-year relationship have

6

been tested; presumably built on trust, care, and teamwork.  That is the risk, danger, and injury to his family that Mr. Patrick has assumed in his assistance.

## CONCLUSION

Accordingly, Mr. Patrick requests that a reduction of 5 levels would adequately address Mr. Patrick's cooperation with the Government.

Respectfully submitted this ꝯ2ᵗʰ day of July 2026.

John C. Notari
Florida Bar No.:  0009260

## CERTIFICATE OF SERVICE

On July 27, 2026, I filed the foregoing with the clerk of the court which will send a notice to all parties of record.

John C. Notari
Florida Bar Number: 0009260
116 East Concord Street
Orlando, Florida 32801
Telephone: 407-843-7333
Email: john@ssnslaw.com
*Attorney for Eric Patrick*

7